# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

DANIEL LEONARD, et al.,

        Plaintiffs,

v.                                  CIVIL ACTION NO. 2:09-cv-01160

MYLAN, INC., et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404 [Docket 11]. The motion is **GRANTED**.

## I. Background

This is a products liability case. According to the Complaint, Salli Rae Leonard, a resident of Holland, Michigan, was prescribed 75 mcg fentanyl transdermal system patches (the "patch"). The patch administers the pain drug fentanyl to the user's bloodstream through the skin. Ms. Leonard filled her prescription at a local pharmacy. She used the patch and, in September 2007, died from "acute fentanyl overdose." (Compl. ¶ 11.) These events occurred in or around Holland, Michigan.[1]

Daniel Leonard, Ms. Leonard's husband and the administrator of her estate, is suing the manufacturers of the patch on behalf of himself and the estate. He filed the Complaint in the Circuit Court of Boone County, West Virginia. The Complaint asserts several claims for strict products liability, breach of express warranty, and violation of West Virginia consumer-protection law. The

---

[1] Holland is in the federal Western District of Michigan.

defendants — corporate residents of Pennsylvania and West Virginia — removed the case to federal court on October 22, 2009.[2]

The defendants filed their transfer motion on May 20, 2010. This case, they argue, should be litigated in Michigan, because the plaintiffs are Michigan residents and the plaintiffs' claims arose there. The plaintiffs disagree. They counter that the case is properly in West Virginia, because two of the defendants, Mylan Pharmaceuticals, Inc. and Mylan Technologies, Inc., are incorporated here.

**II. Discussion**

The defendants seek transfer pursuant to 28 U.S.C. § 1404(a). That statute authorizes a district court to transfer a case to another judicial district "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Section 1404(a) is generally reserved for cases that are filed in the proper district, but in which convenience dictates transfer to another district. Section 1406(a) of Title 28, on the other hand, provides that "[t]he district court in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." That statute usually applies when a case is simply filed in the wrong district and needs to be transferred.

Each of these statutes carries its own consequences. *See Lafferty v. St. Riel*, 495 F.3d 72, 76-77 (2007) (outlining differences between §§ 1404(a) and 1406(a)). Under § 1404(a), the transferee

---

[2] Home-state defendants are generally precluded from removing a case to federal court. But this rule only applies when the home-state defendant has been "properly joined and served." 28 U.S.C. § 1441(b). This case was removed before any of the West Virginia corporate defendants were served. (Notice of Removal 5.) Even if this matter was not removable, the plaintiffs waived this procedural defect by not objecting within thirty days of removal. 28 U.S.C. § 1447(c); *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 198 (4th Cir. 2008).

court applies the choice-of-law rules of the transferor court. *Van Dusen v. Barrack*, 376 U.S. 612, 632-37 (1964) ("A change of venue under s. 1404(a) generally should be . . . but a change in courtrooms."). This discourages forum-shopping defendants from seeking alternative fora with more favorable substantive law. The result is different, however, in a § 1406(a) transfer. Under § 1406(a), the transferee court applies its own choice-of-law principles. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 243 n.8 (1981); *Adam v. J.B. Hunt Transport, Inc.*, 130 F.3d 219, 230 (6th Cir. 1997) ("Because the case was transferred pursuant to 28 U.S.C. § 1406(a) . . . the transferee court was required to apply the choice-of-law rules that would have been applicable had the action been commenced in that court."). When a case has been transferred under § 1406(a), forum-shopping is not a concern, because the lawsuit was initially filed in the wrong district. Transfer simply remedies the venue defect.

The differences between § 1404(a) and § 1406(a) are not limited to choice-of-law ramifications. As explained above, a § 1406(a) transfer is based on improper venue. Rule 12(b)(3) of the Federal Rules of Civil Procedure, however, provides that objection to improper venue is an affirmative defense that is waived if it is not made before or with a responsive pleading. So failure to timely seek transfer under § 1406(a) constitutes waiver. But unlike a § 1406(a) motion, a § 1404 transfer request carries no time restraints. *Jones v. Walgreen Co.*, 463 F. Supp. 2d 267, 271 (D. Conn. 2006). Indeed, because it is based on convenience, § 1404(a) invites case development to locate evidence and identify witnesses.

Determining proper venue is generally guided by 28 U.S.C. § 1391. That statute offers three options in diversity cases. *See* 28 U.S.C. § 1391(b). The first option is based on the residence of the defendants. Venue is proper in "a judicial district where any defendant resides, if all defendants

reside in the same State." *Id.* § 1391(b)(1). That provision is inapplicable, however, when the defendants are residents of different states.[3] The second option focuses on where the events underlying the plaintiff's claims occurred. Venue lies in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." *Id.* § 1391(b)(2). The third option is a fail-safe that operates if neither § 1391(a) or (b) apply. Venue is appropriate in "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." *Id.* § 1391(b)(3). My analysis will center on the first two options.

Here, the defendants' § 1404(a) transfer request is an ill fit to these procedural facts. The Southern District of West Virginia is not the proper venue for this case. Section 1391(b)(1) does not apply, because the defendants are corporate residents of different states. Nor is venue proper here under § 1391(b)(2). The events or omissions giving rise to the plaintiffs' claims all occurred in the Western District of Michigan, not the Southern District of West Virginia. Ms. Leonard was prescribed the patch in Michigan, she filled her prescription there, she overdosed there, and she died there. Conversely, no material facts relating to the plaintiffs' injuries occurred in the Southern District of West Virginia. Therefore, the Western District of Michigan, rather than the Southern District of West Virginia, is the appropriate venue for this case. As such, transfer under § 1406(a), rather than § 1404(a), is the more appropriate remedy. But the defendants waived their ability to seek § 1406(a) transfer. They filed their Answer on February 16, 2010, but did not file the Motion

---

[3] "[A] defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

to Transfer until May 20, 2010. Without § 1406(a) as an option, the defendants are left with § 1404(a) as their only recourse for transfer.

In deciding whether to transfer a case under § 1404(a), a court must first determine whether the action "might have been brought" in the transferee district. 28 U.S.C. § 1404(a). If so, then the court should consider several private- and public-interest factors: ease of access to evidence; the convenience of the parties and witnesses; the cost of obtaining the attendance of witnesses; the availability of compulsory process; the possibility of a view; the interest in having local controversies decided at home; and the overriding interests of justice. *Vass v. Volvo Trucks, N. Am., Inc.*, 304 F. Supp. 2d 851, 857 (S.D. W. Va. 2004). The party seeking transfer carries the burden of showing that the current venue is inconvenient. *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 113-14 (2d Cir. 2010). The plaintiff's choice of forum is accorded great weight. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981).

Considering these factors, this case should be tried in the Western District of Michigan. First, this case could have originally been filed there. As explained above, the events or omissions giving rise to the plaintiffs' claims occurred there. Venue is thus proper in that district under § 1391(b)(2). Second, the private- and public-interest factors favor transfer. Regarding the private-interest factors, all relevant facts in this case occurred in Michigan. The majority of witnesses — witnesses such as law enforcement officers, medical examiners and toxicologists, as well as Ms. Leonard's medical providers — are in Michigan. Indeed, all nonparty witnesses identified by the plaintiffs in their Rule 26(a) report is in Michigan. Likewise, evidence regarding Ms. Leonard's medical history and the circumstances surrounding her death will be found in Michigan. Furthermore, evidence related to the defendants' design and manufacture of the patch in possession of the defendants will be subject

to the Michigan federal court's subpoena power. As for the public-interest factors, Michigan has a strong interest in having this case litigated locally. Michigan's interests include having one of its citizen's rights vindicated, as well as protecting its other citizens from potentially harmful pharmaceutical drugs. Conversely, West Virginia's interests are few. Other than the incorporation of two of the defendants in West Virginia, there are no West Virginia interests in this case.

Justice is best served by having this case proceed in the Western District of Michigan. The plaintiffs' choice of forum is substantially outweighed by Michigan's position as the epicenter of this litigation. Transfer is necessary to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen*, 376 U.S. at 616.

### III. Conclusion

For the forgoing reasons, the Motion to Transfer [Docket 11] is **GRANTED**. This case shall be **TRANSFERRED** to the United States District Court for the Western District of Michigan. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party. The court further **DIRECTS** the Clerk to post a copy of this published opinion on the court's website, *www.wvsd.uscourts.gov*.

                                  ENTER: June 21, 2010

                                  Joseph R. Goodwin, Chief Judge